UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

     Plaintiff,
vs.

FOUR WHEELS CORP.
d/b/a EL PALACIO DE LOS JUGOS
at 15110 SW 56 Street, and
MILLER - 152 AVE., INC.

     Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Four Wheels Corp. d/b/a El Palacio de los Jugos and Defendant Miller - 152 Ave., Inc. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is a "tester" to assure that public accommodations, including Defendants, are in compliance with the ADA and ADAAG.

5. On information and belief, Defendant Four Wheels Corp. (also referenced as "Defendant Four Wheels," "operator," lessee" or "co-Defendant") is a corporation authorized to transact business in Florida which operates the El Palacio de los Jugos restaurant located at 15110 SW 56 Street in Miami, Florida.

6. Defendant Miller - 152 Ave., Inc. (also referenced as "Defendant 152 Avenue," "lessor," "owner," or "co-Defendant") is a Florida for profit corporation and the owner of commercial real property located at 15046 SW 56 Street and 11510 SW 56 Street, Miami, Florida 33184, which is also referenced as Folio 30-4928-019-0010. Defendant 152 Avenue's commercial real property is built out as a strip shopping center. Defendant 152 Avenue leases its strip shopping center to public accommodations including the "Sushi Corner" restaurant and to the El Palacio de los Jugos restaurant and take-away, which is the subject of this instant action.

## FACTS

7. The El Palacio de los Jugos restaurant located 11510 SW 56 Street sells Cuban cuisine, juices and drinks for dining at the restaurant and take-away. The restaurant is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) as an

establishment selling food and drink. The El Palacio de los Jugos restaurant which is the subject of this complaint is also referenced as "El Palacio de los Jugos (restaurant)," "El Palacio de los Jugos located 11510 SW 56 Street," "restaurant," or "place of public accommodation."

8. As the operator of a restaurant which is open to the public, Defendant Four Wheels is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

9. On September 5, 2021 Plaintiff went to the El Palacio de los Jugos restaurant to purchase a meal and dine therein.

10. While dining/attempting to dine in the seating area provided and on occasion to visit the restroom, Plaintiff met multiple areas of inaccessibility due to the fact that he uses a wheelchair for mobility.

11. Due to the inaccessible seating and non-complaint restroom, Plaintiff has been denied full and equal access by the operator of the El Palacio de los Jugos restaurant and by the owner of the commercial property which houses the restaurant.

12. As the operator of a restaurant, Defendant Four Wheels should be aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, Defendant Four Wheels' failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its El Palacio de los Jugos restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As the owner of a strip mall which is operated as various places of public accommodation, Defendant 152 Avenue is also a "Public Accommodation" pursuant to 42

U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2). As an investor and owner of commercial property being used as a public accommodation, Defendant 152 Avenue is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the El Palacio de los Jugos restaurant and/or test whether it is in compliance with the ADA/ADAAG, but he continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

**COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since

over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

    19.    Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

    42 U.S.C. §12101(b)(1)(2) and (4).

    20.    Prior to the filing of this lawsuit, Plaintiff personally visited the El Palacio de los Jugos restaurant, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met with non-compliant seating in the dining area and when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

    21.    Defendant Four Wheels (operator of El Palacio de los Jugos) and Defendant 152 Avenue (owner of the real property leased to co-Defendant for use as a restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

    22.    Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the El Palacio de los Jugos restaurant.

5

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant 152 Avenue and which houses the El Palacio de los Jugos restaurant that is operated by Defendant Four Wheels is in violation of 42 U.S.C. §12181 *et seq.,* the ADA, and 28 C.F.R. §36.302 *et seq.* As such, both the property owner and the lessee/operator of the restaurant are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Four Wheels (lessee/operator) and Defendant 152 Avenue (owner/lessor of the property) (jointly and severally), the seating provided at the restaurant did not provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4, which states that the height of accessible tables shall be from 28 in to 34 in (710 mm to 865 mm) above the finish floor or ground. The seating is also in violation of 2010 ADA Standards for Accessible Design Sections 226 and 902, which require that all dining areas be accessible in clear floor/ground space, size and height. Specifically, Section 226.1 requires that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and

standing spaces at the dining surfaces must comply with Section 902. Section 902.2 requires the provision of accessible knee and toe clearance.

ii. As to Defendant Four Wheels (lessee/operator) and Defendant 152 Avenue (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch.  This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Four Wheels (lessee/operator) and Defendant 152 Avenue (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the stall door, as the required maneuvering clearance on the pull side of the door is not provided.  This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design, and Section 28 CFR 36.211. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear.  The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

iv. As to Defendant Four Wheels (lessee/operator) and Defendant 152 Avenue (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing.  This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG.  Section 4.17.5 states that toilet door hardware must comply with

    Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

 v. As to Defendant Four Wheels (lessee/operator) and Defendant 152 Avenue (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted at a non-compliant distance from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5 of the 2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

 vi. As to Defendant Four Wheels (lessee/operator) and Defendant 152 Avenue (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance due to the paper towel dispenser placement over the rear wall grab bar. The fact that the paper towel dispenser is mounted over the rear wall grab bar impinges on the clearance is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design which states that the space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum, and the space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum.

 vii. As to Defendant Four Wheels (lessee/operator) and Defendant 152 Avenue (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around

        fixtures) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

viii.    As to Defendant Four Wheels (lessee/operator) and Defendant 152 Avenue (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink inside the accessible stall which does not have completely wrapped bottom sink pipes, this does not provide the proper insulation or protection users from the plumbing under the sink/countertop. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

ix.    As to Defendant Four Wheels (lessee/operator) and Defendant 152 Avenue (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror outside the stall as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

  x. As to Defendant Four Wheels (lessee/operator) and Defendant 152 Avenue (owner/lessor of the property) (jointly and severally), Plaintiff could not exit the bathroom area without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to the urinal partition. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

26. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the commercial property which is being operated as a El Palacio de los Jugos restaurant accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Miller - 152 Ave., Inc. (owner of the commercial property housing the El Palacio de los Jugos restaurant) and Defendant Four Wheels Corp. (operator of the El Palacio de los Jugos) and requests the following relief:

  a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring that Defendants alter the commercial property and the El Palacio de los Jugos restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 25th day of October 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*